**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KARL B. MANUEL,                              )
                                             )
      Plaintiff,                      )        Civil Action No. 20-1759
                                             )        District Judge David S. Cercone
      v.                              )        Magistrate Judge Maureen P. Kelly
                                             )
SUPERINTENDENT MARK CAPOZZA,                 )        Re: ECF No. 42
C/O JOHN DOE #1; C/O JOHN DOE #2; C/O        )
SERGENT WILES; C/O LT. DAILEY;               )
MEDICAL PROVIDER; M.P.A. MRS.                )
DARLA COWDEN; ASST                           )
SUPERINTENDENT ERIC ARMEL,                   )
                                             )
      Defendant.                      )

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

Pending before the Court is a Motion to Dismiss filed on behalf of Defendants Superintendent Mark Capozza, Assistant Superintendent Eric Armel, Sgt. Wiles, and Lt. Dailey (collectively, the "Corrections Defendants"). ECF No. 42.

For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted as to Plaintiff's claims against Defendants Capozza and Armel and as to any claim arising out of Plaintiff's placement in a Restricted Housing Unit, but denied as to Defendants Wiles and Dailey.

**II.     REPORT**

    **A.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983, and asserts claims against administrators, corrections staff, and a contracted medical provider employed at the State Correctional Institution at Fayette ("SCI – Fayette"). ECF Nos. 36, 39.

Plaintiff alleges that on January 23, 2019, two "John Doe" corrections officers attacked and beat him without provocation during a property exchange. Plaintiff asserts that after the attack, Defendants were negligent and deliberately indifferent to his need for medical treatment. Id. As a result, Plaintiff suffered an untreated asthma attack, tooth loss, knee and lower back pain, and permanent injury to his right hand and wrist. Id.

As relevant to the pending Motion to Dismiss, Plaintiff alleges that:

(1)  On January 14, 2019, Plaintiff was incarcerated at the State Correction Institution at Camp Hill ("SCI – Camp Hill") and was charged with a misconduct that he believes was "bogus." Plaintiff was immediately placed in the facility's Restricted Housing Unit ("RHU"). ECF No. 36 at 2. Plaintiff was transferred the next day to SCI – Fayette, and placed in the RHU pending adjudication of the misconduct from SCI – Camp Hill.

(2) During the property exchange on January 23, 2019, Defendant Daily stood by and failed to protect him from physical assault perpetrated by two "John Doe" corrections officers. ECF No. 39 ¶ 6.

(3) After the attack, Defendant Wiles denied Plaintiff necessary medical treatment despite being informed that Plaintiff was suffering from an asthma attack. ECF No. 39 ¶ 7. In response to the report of respiratory distress, Wiles told Plaintiff, "nobody cares for you here," and "when you die nobody will care." ECF No. 36 at 3.

(4) Defendant Capozza, Superintendent of SCI – Fayette, is responsible for policies and customs at the prison related to the safety and protection of inmates and, pursuant to the Interstate Corrections Compact ("ICC") (incorrectly identified as the "Interstate Compact

2

Agreement"), is responsible for Plaintiff's health and safety based on his status as a prisoner incarcerated under the ICC. ECF No. 39 ¶¶ 1, 3

(5)  Defendant Armel, as Assistant Superintendent at SCI – Fayette,  is responsible for policies and customs at the prison related to the safety and protection of inmates and, pursuant to the ICC, is responsible for Plaintiff's health and safety based on his status as a prisoner incarcerated under the ICC. Id. ¶¶ 2, 3.

Plaintiff commenced this action on November 17, 2020, with a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. Due to Plaintiff's failure to provide the Court with necessary service papers and documentation, the Court issued deficiency orders and closed the action. ECF Nos. 4, 8. Plaintiff failed to comply with each order and on March 25, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed. ECF No. 10.  Plaintiff failed to timely respond, and the Court dismissed Plaintiff's Complaint. ECF No. 11. Two days later, the Court received Plaintiff's Response to the Order to Show Cause and the missing paperwork to effect service of the Complaint. ECF No. 12. This action was reopened, and service was accomplished as to all identified Defendants. ECF Nos. 13 – 15.

Defendants filed Motions to Dismiss, and Plaintiff followed with a Motion to Amend Complaint.[1]  Plaintiff was granted leave to file an amended complaint, but the Court cautioned Plaintiff that his amended complaint must specifically allege every claim he wishes to pursue arising out of the incidents described in his initial Complaint and must be a pleading that stands by itself without reference to the original complaint. ECF No. 38. Despite the clarity of this

---

[1] Plaintiff also filed a Motion to Appoint Counsel. ECF No. 34. Based on Plaintiff's demonstrated ability to adequately represent himself in this uncomplicated prisoner civil rights action at this early stage of the litigation, the Court denied Plaintiff's Motion without prejudice. ECF No. 37.

instruction, Plaintiff has filed his "Amending Civil Complaint" that includes only "Amending Facts."[2] ECF No. 39.

Defendant Darla Cowden filed her Answer to both the initial Complaint and the Amending Civil Complaint, and the Corrections Defendants have filed the pending Motion to Dismiss. ECF Nos. 42, 44. Plaintiff has filed a Brief in Opposition to the Motion to Dismiss, and the Corrections Defendants have filed a Reply Brief. ECF Nos. 46, 47. The Motion to Dismiss is ripe for consideration.

### B.   STANDARD OF REVIEW

### 1.  Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "'only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted).

---

[2] Rather than dismiss Plaintiff's Amending Complaint as requested by Defendants, the Court acknowledges that Plaintiff's Amending Civil Complaint appears to adopt the initial Complaint and thus, in the interest of justice and *this time only*, the Court will treat the initial Complaint as the operative Complaint, as amended by the Amending Complaint. See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir.1985)). This approach "ensures that a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2008) ("A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits.")).

Thus, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). Id. at 233, 234.

### 2. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972).

If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Thus, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## C.    DISCUSSION

### 1. Defendants Capozza and Armel

The Corrections Defendants move to dismiss the Amended Complaint against Defendants Capozza and Armel because Plaintiff fails to allege any facts reasonably inferring that either administrator was personally involved in the alleged violation of Plaintiff's rights. ECF No. 43 at 6-8.

Plaintiff brings his claims under § 1983 of the Civil Rights Act. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must plead a defendant's personal involvement in the alleged deprivation of his constitutional rights. See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). That is because, as stated in the text of § 1983 itself, only a person who "subjects, or causes to be subjected" another person to a civil rights violation can be held liable under § 1983. Thus, each Defendant is liable only for his or her own conduct. See Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016); Barkes v. First Correctional Medical, 766 F.3d 307, 316 (3d Cir. 2014) (*rev'd sub. nom. on other grounds* 575 U.S. 822 (2015)); C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005) ("To impose liability on the individual defendants, Plaintiff[] must show that each one individually participated in the alleged constitutional violation or approved of it.").

The doctrine of respondeat superior, which makes an employer automatically responsible for the wrongdoing of its employees, does not apply under Section 1983. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Rode, 845 F.2d at 1207. As a result, supervisor-defendants cannot be held liable for every illegal act that takes place in a prison. Rather, they are only liable for their own conduct. "[I]t is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties

7

did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims." Rosa-Diaz v. Harry, No. 1T6-CV-2303, 2017 WL 1316946, at *5 (M.D. Pa. Feb. 2, 2017), *report and recommendation adopted*, No. 1:16-CV-2303, 2017 WL 1283771 (M.D. Pa. Apr. 6, 2017).

In this case, Plaintiff fails to set forth any facts connecting Defendants Capozza and Armel to the violation of his rights in either the initial alleged attack or the alleged failure to provide medical treatment. In his brief in opposition to the Defendants' Motion to Dismiss, Plaintiff confirms that neither Defendant was personally involved, but argues that his claims are adequately stated because liability may be based on Capozza and Armel's responsibility to promote the safety and welfare of inmates and oversee the operations and conduct of the facility and their staff members. ECF No. 46 at 10-11. Because these allegations are insufficient to state a claim as a matter of law, the Motion to Dismiss as to Defendants Capozza and Armel should be granted.

Plaintiff alternatively points to Capozza's denial of Plaintiff's facility-level internal grievance as sufficient to establish liability. Id. Even so, participation in "after-the-fact" review of a grievance does not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Rode, 845 F.2d at 1207 (allegation that a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that

8

prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (not precedential) (involvement in post-incident grievance process not a basis for liability). Thus, Plaintiff's attempt to establish liability against Capozza based on his denial of the grievance does not support a constitutional claim, and the Court should grant the Motion to Dismiss on this ground as well.

### 2. Defendant Dailey

Defendants construe Plaintiff's claims against Dailey as a failure to intervene in medical treatment, and thus seek dismissal based on Dailey's status as a corrections officer and Plaintiff's allegations that an examination was provided by medical staff at the time of injury. ECF No. 43 at 8 – 9. Plaintiff responds that his claims against Dailey relate to (1) Dailey's failure to intervene to protect him from the alleged physical assault, (2) Dailey's interference with medical treatment by ordering that he be picked up and moved before appropriate medical personnel could assess his injuries, and (3) Dailey's order to place Plaintiff in a cell sprayed with "oc".[3] ECF No. 46 at 2, 6, 12-13. Thus, Plaintiff opposes dismissal asserting that he has alleged sufficient facts to state a claim against Dailey.

### a. Failure to intervene

To state an Eighth Amendment claim against a prison official, an inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the official was deliberately indifferent to that substantial risk to [the inmate's] health and safety, and (3) the official's deliberate indifference caused [the inmate] harm." Ramey v. Marsh,

---

[3] "OC" is the colloquial term for oleoresin capsicum or "pepper spray."

No. 4:21-cv-01018, 2022 WL 363854, at *3 (M.D. Pa. Feb. 7, 2022) (citing Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by* Mack v. Yost, 968 F.3d 311 (3d Cir. 2020)). The Eighth Amendment's prohibition against the infliction of cruel and unusual punishment has been interpreted to impose upon prison officials a duty to take reasonable measures to protect prisoners from assaults, whether committed by other prisoners or by guards. Sarvey v. Wetzel, No. 1:16-cv-157, 2019 WL 235322, at *10 (W.D. Pa. Jan. 16, 2019) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). "The restriction on cruel and unusual punishment contained in the Eighth Amendment reaches non-intervention just as readily as it reaches the more demonstrable brutality of those who unjustifiably and excessively assault an inmate." Belt v. Fed. Bureau of Prisons, 336 F. Supp. 3d 428, 439 (D.N.J. 2018) (citing, Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002)). Thus, a corrections officer's failure to intervene in an assault can be the basis of liability for an Eighth Amendment violation if the corrections officer had a reasonable opportunity to intervene and failed to do so. See Smith v. Mensinger, 293 F.3d at 650; see also Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 456 (3d Cir. 1996) (noting that deliberate indifference standard should apply to claims that prison officials failed to protect inmate from violent attack).

Upon review, Plaintiff alleges that Dailey was present at the time of the incident and was aware of the assault, but stood by and observed it occur without intervening to stop the attack. See ECF No. 36 at 3-4; see also ECF No. 39 at 4 ¶ 6. These allegations are enough to raise a plausible inference that Dailey was deliberately indifferent to the risk of harm from assault by fellow corrections offices, and this claim should be permitted to proceed.

10

### b. Medical treatment

"The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs." Pakalovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). As the United States Supreme Court has held, prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's serious medical needs by "intentionally denying or delaying access to medical care or interfering with treatment once prescribed." Estelle, 429 U.S. at 104-05. "A medical need is serious, ... if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). Thus, a plaintiff properly alleges deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991).

Construing Plaintiff's *pro se* pleadings liberally, he sufficiently states a claim that Dailey acted with deliberate indifferent by failing to provide Plaintiff necessary medical care after the assault. Plaintiff alleges that despite suffering serious injuries to his knee, back, wrist and hand in the assault, Dailey did not respond to Plaintiff's request for an ambulance, did nothing while a nurse refused to provide medical treatment, and ordered officers involved in his alleged assault to

pick him up and put him in a rolling office chair to take him to a cell sprayed with oc. ECF No. 36 at 3. As a result, Plaintiff suffered an untreated asthma attack, and has sustained permanent injury to his right hand and wrist. These allegations set forth a plausible Eighth Amendment deliberate indifference claim. Accordingly, it is recommended that the Court deny the Motion to Dismiss as to Defendant Dailey.

### 3.  Defendant Wiles

Plaintiff also brings an Eighth Amendment claim against Wiles for deliberate indifference in failing to provide Plaintiff timely medical care for an asthma attack, that resulted in prolonged and unnecessary respiratory distress. ECF No. 36 at 4; ECF No. 39 at 4.  Plaintiff alleges that after being placed in a cell sprayed with oc, he suffered a prolonged asthma attack that required him to place his head inside a toilet bowl to get air. The next morning, while Plaintiff was still suffering, Wiles approached Plaintiff's cell. Plaintiff explained his need for treatment, but Wiles responded, "nobody cares for you here. Nobody wants you here and when you die nobody will care…. Sgt Wiles then walked away from my door." ECF No. 36 at 4. These allegations sufficiently state a claim for deliberate indifference to a serious medical need. It is recommended that the Court deny the Motion to Dismiss Plaintiff's Eighth Amendment claim against Wiles.

### 4. Placement in RHU

Defendants move to dismiss any claim that may be identified in Plaintiff's Complaint arising out of his placement in the SCI – Fayette Restricted Housing Unit ("RHU"), whether as challenge to the conditions of his confinement or a claim challenging the circumstances of his placement in the RHU. ECF No. 43 at 11; ECF No. 47 at 5. As alleged, this claim arises out a misconduct issued and adjudicated at SCI – Camp Hill. Thus, none of the named Defendants was

12

personally involved in any alleged wrong that prompted Plaintiff's RHU status. Absent any Defendant's personal involvement, Plaintiff fails to state a Section 1983 claim. Thus, it is recommended that the Court dismiss with prejudice any purported claim arising out of Plaintiff's placement in the RHU for a "bogus" misconduct issued at SCI – Camp Hill.

### 5.  Leave to Amend

Because it does not appear that amendment of Plaintiff's claims against Defendants Capozza and Armel would be futile, it is recommended that the Court grant Plaintiff thirty days to correct the deficiencies identified in this Report and Recommendation. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period, unless amendment would be inequitable or futile.).

Plaintiff should be instructed, however, that if he decides to file a second amended complaint to address Defendants' Capozza and Armel's personal involvement, he must clearly designate on the face of the document that it is the "Second Amended Complaint." In addition, the amended complaint must be legibly rewritten in its entirety in all respects, and must stand by itself as an adequate complaint setting forth all claims against all parties previously named in this action. Any second amended complaint will supersede and replace the original amended complaint already filed. Consequently, should Plaintiff file a second amended complaint, all causes of action alleged in the amended complaint which were not dismissed and are not included in the amended complaint are waived. In addition, leave of Court has been granted solely to address Capozza and Armel's alleged personal involvement. No new causes of action, claims, or defendants may be added.

**D.      CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 42 be granted as to Plaintiff's claims against Defendants Capozza and Armel, and as to his claims arising out of his placement in the RHU, but denied as to his claims against Defendants Dailey and Wiles.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2022

cc:     The Honorable David S. Cercone
        United States District Judge

        All counsel of record by Notice of Electronic Filing

14

Karl B. Manuel
00332040
James T. Vaugh Correctional Center
1181 Paddock Road
Smyrna, DE 19977